UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EARLESHIA DAVIS, ) | |
| ) | |
|     *Plaintiff*, ) | |
| ) | |
| v. ) | Civil Action No.: 1:21-cv-03255 (UNA) |
| ) | |
| SOCIAL SECURITY ADMINISTRATION, ) | |
| ) | |
|     *Defendant*. ) | |

**MEMORANDUM OPINION**

Plaintiff initiated this matter on December 13, 2021, by filing a *pro se* Complaint, ECF No. 1, and an application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2.  On January 8, 2022, the court reviewed the Complaint and issued an order ("Ord."), ECF No. 3, directing plaintiff to, within 20 days, file an amended complaint that (1) substituted her residence address in compliance with D.C. LCvR 5.1(c)(1), and (2) identified a "final decision of the Commissioner of Social Security," Ord. at 1 (citing 42 U.S.C. § 405(g)).  Plaintiff was forewarned that failure to timely comply with the order would result in dismissal of this matter without prejudice.  Ord. at 2.

Plaintiff has now, more than four months beyond the given deadline, filed an amended Complaint.  *See* ECF No. 4.  Notwithstanding its untimeliness, the amended Complaint itself is insufficient.  Though it lists plaintiff's residence address, *see id.* at caption, it fails to identify an agency decision, or otherwise allege sufficient facts from which the Commissioner may reasonably identify the decision being challenged, *see* 42 U.S.C. § 405(g).  In fact, despite the opportunity and extended time afforded to plaintiff, the amended Complaint actually contains even *less* information regarding plaintiff's claim than the already-deficient initial Complaint.  *See* Fed. R. Civ. P. 8(a); Fed. R Civ. P. 12(b)(6); *see also Baker v. Director, U.S. Parole Com'n*, 916 F.2d 725,

727 (D.C. Cir. 1990) (holding that a *sua sponte* dismissal is appropriate for failure to state a claim). Moreover, without this information, the Court cannot conclude that plaintiff has properly exhausted administrative remedies prior to filing this lawsuit. *See* 42 U.S.C. § 405(g); *see also Ford v. Astrue*, 808 F. Supp. 2d 150, 153 (D.D.C. 2011) ("When it comes to judicial review of SSA decisions, exhaustion is a jurisdictional requirement.").

As such, plaintiff's IFP application is granted, and the amended Complaint, and this matter, are dismissed without prejudice. A separate order accompanies this Memorandum Opinion.

Date: July 27, 2022

/s/ _____
CARL J. NICHOLS
United States District Judge